| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**BECKER LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>ALLEN J. UNDERWOOD II, ESQ.<br>E-mail address: ajunderwood@becker.legal<br>*Attorneys for Judgment Creditor Janis Lee Doran* | |
| In re:<br><br>KURT N. KVIST,<br><br>                    Debtor. | Case No. 19-20040 (KCF)<br><br>Chapter 13<br><br>Judge:  Hon. Kathryn C. Ferguson |

**JUDGMENT CREDITOR JANIS LEE DORAN'S OPPOSITION TO
DEBTOR'S MOTION TO REOPEN CASE**

TO:    THE HONORABLE KATHRYN C. FERGUSON,
         UNITED STATES BANKRUPTCY JUDGE:

Creditor, Janis Lee Doran a/k/a Janis L. Doran ("Doran"), by and through her counsel, Becker LLC, respectfully submits this Opposition (the "Opposition") to the Debtor, Kurt N. Kvist ("Debtor" or "Kvist") Motion to Reopen Case. Doran respectfully represents as follows:

## BACKGROUND

**Pre-Petition Procedural History**

1. Judgement Creditor Doran is the owner of a residential property located at 143 Texas Road, Old Bridge, New Jersey (the "Doran Home").

2. Upon information and belief, Debtor is the principal and registered agent of Serious Cabinetry, Inc. ("Serious"), a New Jersey corporation with a main business address at 77 West Street, Colonia, New Jersey.

3. According to Debtor's sworn Petition, Debtor resides at 77 West Street, Colonia, New Jersey, although upon information and belief, Debtor's actual residence may be elsewhere.

4. In or about February 2016, Debtor, Serious, and Doran entered into a home improvement contract ("Home Improvement Contract").

5. Suffice to say the Home Improvement Contract was breached by Debtor, and on October 31, 2016, by way of Complaint, Doran commenced an action against the defendants Debtor, individually, and Serious, in the Superior Court of New Jersey, Middlesex County, Law Division, Docket No. MID-L-6452-16 ("State Court Action"). Doran primarily asserted three counts in her Complaint: (1) breach of contract; (2) violations of the New Jersey Consumer Fraud Act; and (3) violations of the Truth in Consumer Contract, Warranty and Notice Act.

6. The state court awarded Doran a Final Judgement against the Debtor and Debtor's business, Serious Cabinetry, Inc., jointly and severally, on June 8, 2018 in the amount of $154,577.24 ("Final Judgment").

7. Doran recorded her Final Judgment in Trenton as a statewide lien on all of Debtor's real property prior to bankruptcy filings.

8. On or about September 19, 2018, a Writ of Execution was entered against the Debtor and Serious on Doran's behalf, levying against all personal property, and any and all bank accounts of the Debtor and Serious.

9. In Debtor's prior Chapter 13, Doran filed a Nondischargeability Complaint, under 11 U.S.C. §§ 523(a)(2) and (a)(6). Doran obtained a Default Judgment of Nondischargeability against Defendant/Debtor dated May 8, 2019.

10. Prior to the instant bankruptcy proceeding, Debtor previously filed for bankruptcy four (4) times. Debtor's most recent prior case was filed October 24, 2018, and dismissed as recently as May 9, 2019. Debtor first filed a petition for bankruptcy relief under Chapter 13 in October of 2009 under Case No. 09-37840 (KCF). Thereafter, in May of 2011, Debtor filed his second bankruptcy case – a voluntary Chapter 7 petition for relief under Case No. 11-24939 (KCF). Thereafter, according to Debtor's Petition, Debtor also filed a case on August 15, 2011. Debtor is a serial bankruptcy filer.

**Instant Chapter 13 Bankruptcy Proceeding**

11. Just eight (8) days after dismissal of his most recent Chapter 13 case, on May 17, 2019 ("Petition Date"), Debtor filed with this Court this personal voluntary petition (the "Petition") under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey under Case No. 19-20040 (KCF). This bankruptcy filing is apparently Debtor's fifth (5th) bankruptcy case. Even this case was dismissed on June 3, 2019.

12. Doran objects to the Debtor's Motion Reopen. Debtor has historically employed the bankruptcy process in bad faith to delay otherwise valid collection efforts. This case should remain dismissed, and Debtor should simply file a new Petition if that is his inclination. Debtor was not entitled to the Automatic Stay as to this most recent filing, and reopening does prejudice creditors' collection efforts.

13. Debtor's prior Chapter 13 Bankruptcy, filed on October 24, 2018, Case No. 18-31149, was dismissed on May 9, 2019, because of Debtor's failure to file a feasible plan, income and/or budget statement, failure to make all required pre-confirmation payments to the Trustee, lack of prosecution and failure to resolve Trustee and/or creditor objections. *See* docket entry 57.

14. Many of those issues remain in the presently dismissed case.

15. Debtor has not shown good faith in filing the present Chapter 13 bankruptcy and has yet to propose a Chapter 13 Plan sufficient to pay secured claims (including Doran's claim) in full as required by 11 U.S.C. § 1325(a)(5). Debtor's proposed Plan in the dismissed case is not in good faith and does not pay Doran in full. It is unconfirmable. To wit, notwithstanding potential proceeds from a personal injury matter, and significant equity in two (2) pieces of residential real property. Debtor's proposed Plan in the dismissed case seeks to pay Doran $20,000.00 on her Judgment of well over $155,000.00. The amount proposed by Debtor is simply completely unrelated to the significant equity in two (2) Debtor pieces of real property, without even accounting for non-exempt P.I. proceeds. Perhaps Debtor is playing games. Perhaps Debtor believes creditors will tire of their bankruptcy and collection efforts. The case should not be reopen under the circumstances.

4

## CONCLUSION

16. WHEREFORE, Doran respectfully requests that this Court enter an order denying Debtor's Motion to Reopen the case, and granting any such further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

**BECKER LLC**
*Attorneys for Creditor,*
*Janis Lee Doran*

By: /s/ Allen J. Underwood II
ALLEN J. UNDERWOOD II, ESQ.
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
Phone: (973) 422-1100
Facsimile: (973) 422-9122
ajunderwood@becker.legal

Dated: July 3, 2019